UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE § 1782 APPLICATION OF XIAOMI CORPORATION | Case No. 25-mc-80143-RS<br><br>**ORDER GRANTING APPLICATION PURSUANT TO 28 U.S.C. § 1782** |

## I. INTRODUCTION

Xiaomi Corporation, Xiaomi Inc., Beijing Xiaomi Mobile Software Co., Ltd., Xiaomi Communications Co., Ltd., Xiaomi Technology Netherlands B.V., and Xiaomi Technology Germany GmbH (collectively, "Xiaomi" or "Applicants") seek an order pursuant to 28 U.S.C. § 1782 to obtain discovery against ASUS Computer International (North America) ("ASUS North America") in a foreign proceeding. Xiaomi demonstrates that the statutory requirements of § 1782 are met and factors to be considered within the court's discretion do not weigh against granting the application. Accordingly, the application is granted.

## II. BACKGROUND

Xiaomi is a global technology company that sells connected devices combining hardware, software, and internet services including smartphones and tablets. ASUS, together with other ASUS group companies, owns a 3G/4G/5G SEP patent portfolio which is managed exclusively by Celerity IP, LLC ("Celerity").

On December 30, 2024, ASUS Technology Licensing Inc. ("ASUS Licensing") sued

Xiaomi in District Court Munich I ("Munich Court") in Munich, Germany ("German Proceeding") for alleged patent infringement. ASUS Licensing alleges that Xiaomi infringes European Patent No. 3 226 639.1 ("EP '639," or "the Patent-in-Suit") by selling certain mobile devices that are 4G- and 5G-capable, for which the Patent-in-Suit is allegedly a Standard Essential Patent. ASUS Licensing seeks injunctive relief and recall of the accused embodiments from the respective distribution channels. Xiaomi has asserted various defenses including non-infringement, nullity, exhaustion, and that the relevant licensing terms are not FRAND (i.e., Fair, Reasonable, and Non-Discriminatory). Xiaomi also filed a nullity action against ASUS Licensing in the German Federal Patent Court in Munich on April 30, 2025 to invalidate the German part of the Patent-in-Suit. The oral hearing for the German Proceeding brought by ASUS Licensing is set for December 3, 2025.

German civil courts do not allow U.S.-like discovery and cannot compel production. Accordingly, Xiaomi seeks an order from this Court under 28 U.S.C. § 1782(a) authorizing subpoenas requiring ASUS North America to produce documents relevant to its defenses as well as nullity and damages actions and requiring ASUS North America to make itself available for deposition. Specifically, Xiaomi seeks documents related to previous agreements and communications regarding licensing the Patent-in-Suit; any other German proceedings concerning the Patent-in-Suit; the value, infringement, validity, or scope of the Patent-in-Suit and ASUS's 3G, 4G, and 5G patent portfolio; whether the Patent-in-Suit is standard-essential; and analyses conducted in the scope of business activity by ASUS, Celerity, and/or their agents regarding the Patent-in-Suit. ASUS North America has filed a notice of opposition to this application.

### III. LEGAL STANDARD

Section 1782(a) permits federal district courts to assist in gathering evidence for use in foreign proceedings. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). A district court can order a person residing or found within the district "to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." *Id.* Three requirements must be met before Section 1782 can be invoked: (1) the discovery must be sought from a person residing in the district of the court to which the application is made; (2) the discovery must be for use in a proceeding before a foreign

tribunal; and (3) the applicant must be a foreign or international tribunal or an "interested person." *Intel Corp.*, 542 U.S. at 246; *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019).

Even when the mandatory requirements are met, the district court retains discretion to determine what discovery, if any, should be permitted. *Intel Corp.*, 542 U.S. at 260–61. In *Intel Corporation*, the Supreme Court provided a non-exhaustive list of discretionary factors to consider in ruling on a § 1782(a) request, including (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *Id*. at 264–66.

## IV. DISCUSSION

### A. Threshold Requirements

Xiaomi's request for discovery meets all three statutory requirements. First, Xiaomi seeks discovery from a Northern District of California resident. ASUS North America has its United States headquarters in Fremont, California. Thus, ASUS is found in the Northern District of California for § 1782 purposes. *See, e.g.*, *Cryolife, Inc. v. Tenaxis Med. Inc.*, No. C08-05124, 2009 WL 88348, at *2 (N.D. Cal. Jan. 13, 2009). Second, the discovery Xiaomi seeks is "for use in a proceeding before a foreign tribunal." *See In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048, 2016 WL 1161568, at *3 (N.D. Cal. Mar. 24, 2016). Third, Xiaomi is the defendant in the German infringement action and a plaintiff in a German nullity action, so it is an "interested person" as contemplated by the statute.

### B. *Intel* Considerations

Having established the threshold requirements are met, Xiaomi argues the *Intel* factors favor or at least are neutral towards its application. While ASUS North America may be able to demonstrate later it cannot provide the discovery Xiaomi requests, at this stage, its arguments are misplaced. Because the *Intel* factors are met by Xiaomi's application, its request is granted.

      *i.*      *The requested discovery may not be available in the foreign proceedings.*

The first *Intel* factor recognizes that when discovery sought in a § 1782 application is not within the foreign tribunal's jurisdictional reach, the need for § 1782 discovery is more apparent. *See Intel*, 542 U.S. at 264; *In re Ex Parte LG Elecs. Deutschland GmbH*, 2012 WL 1836283, *2 (S.D. Cal. May 21, 2012) (The first *Intel* factor weighed against allowing § 1782 discovery even though the subpoena was directed to a non-party to the foreign proceeding because the information sought could be obtained from a party to the foreign proceeding.); *In re Ex Parte Application of Qualcomm Inc.* ("*Qualcomm*"), 162 F. Supp. 3d 1029, 1039 (N.D. Cal. 2016) (Courts "focus on whether the evidence 'is available to the foreign tribunal'" and "whether the foreign tribunal has the authority to order an entity to produce the disputed evidence."). ASUS North America is a legally separate entity from ASUS Licensing, a party in the foreign proceeding, but the discovery sought, related to the Patent-in-Suit and licensing thereof, is discovery that possibly could be sought from ASUS Licensing directly. On the other hand, since German discovery procedures do not allow for "even remotely comparable discovery" as in the United States, *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011), it is likely that Xiaomi cannot obtain this discovery in the German Proceeding even if sought directly. In light of these considerations, the first *Intel* factor is neutral.

      *ii.*      *The foreign tribunal is receptive to U.S. federal-court judicial assistances.*

A decision to grant a § 1782 application should "take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "Courts conducting this analysis focus on the utility of the evidence sought and whether the foreign tribunal is likely to receive the evidence*." Qualcomm*, 162 F. Supp. at 1040. Here, the evidence sought is relevant to Xiaomi's defenses and nullity and damages actions, and there is no evidence that the Munich Court would be unreceptive to the discovery Xiaomi seeks. To the extent the discovery requests are overly broad as ASUS suggests, "German judges can disregard evidence that would waste the court's time." *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011). For these reasons, the second *Intel* factor weighs in favor of granting the

application.

        *iii.*      *The request does not circumvent proof-gathering restrictions or policies.*

When a § 1782 discovery request is an "attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States," the third *Intel* factor weighs against granting the request. *Intel*, 542 U.S. at 264-65. That Xiaomi has chosen to seek this discovery from ASUS North America and through § 1782 is an attempt to circumvent discovery of the material through the German Proceeding to be sure. However, this forum preference alone— neither party having identified a German policy which would bar the discovery sought—does not amount to an attempt to "circumvent proof-gathering restrictions or other policies." *See Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011).[1] The third factor does not weigh against granting the Section 1782 application.

        *iv.*      *The request is broad but not unduly intrusive or burdensome.*

When a § 1782 request is unduly intrusive or burdensome, the fourth *Intel* factor weighs against granting the request. *Intel*, 542 U.S. at 264-65. As under the Federal Rules of Civil Procedure, requests are unduly intrusive and burdensome under the final *Intel* factor "where they are not narrowly tailored, request confidential information and appear to be a broad 'fishing expedition' for irrelevant information." *Qualcomm*, 162 F. Supp. 3d at 1043 (citations omitted); 28 U.S.C. § 1782(a) (Unless an order pursuant to § 1782 proscribes otherwise, discovery "under Section 1782 shall be taken… [or] produced[] in accordance with the Federal Rules of Civil Procedure."). Here, Xiaomi seeks to serve subpoenas on ASUS North America for deposition testimony as well as documents related to previous agreements and communications regarding licensing the Patent-in-Suit; any other German proceedings concerning the Patent-in-Suit; the

---

[1] Despite a finding by the lower court that the "[movant's] primary purpose for seeking discovery [via Section 1782] was to circumvent the more restrictive German discovery rules," *In re Application of Heraeus Kulzer GmbH for an Ord. Pursuant to 28 U.S.C. Section 1782 to Take Discovery Pursuant to Fed. Rules of Civ. Proc. for Use in Foreign Proc.*, No. 3:09-CV-530 RM, 2010 WL 2559795, at *3 (N.D. Ind. June 22, 2010), *rev'd sub nom. Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591 (7th Cir. 2011), the Second Circuit held that "there [wa]s nothing to suggest that the German court would be affronted by [movant's] recourse to U.S. discovery." *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011) (holding the third factor weighed in favor of the movant).

value, infringement, validity, or scope of the Patent-in-Suit and ASUS's 3G, 4G, and 5G patent portfolio; whether the Patent-in-Suit is standard-essential; and analyses conducted in the scope of ASUS's business activity by ASUS, Celerity, and/or their agents regarding the Patent-in-Suit.

While the requests are broad, the Federal Rules of Procedure permit a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense," FED. R. CIV. P. 26(b)(1), and Xiaomi has demonstrated that the requested discovery is relevant to Xiaomi's defenses including non-infringement, nullity, exhaustion, and FRAND as well as its nullity and possible damages actions. Dkt. 1 at 4-5. Further, as a general matter, depositions of corporate officers are standard practice in U.S. civil litigation and are not burdensome. The Rules of Civil Procedure ensure that the length, time and place of the deposition do not impose an undue burden. *See* Fed. R. Civ. P. 45(d)(1). As to the document requests, they focus on a patent that was not granted until 2018, providing at least some temporal limitations. Moreover, if ASUS North America does not have responsive documents or has other objections to the discovery requests, authorization under § 1782 does not strip it of the opportunity to lodge objections and seek or stipulate to a protective order.

## V. CONCLUSION

For the foregoing reasons, the Application for Order Pursuant to § 1782 to Obtain Discovery for Use in Foreign Proceeding is granted.

**IT IS SO ORDERED**.

Dated: September 29, 2025

_____
RICHARD SEEBORG
Chief United States District Judge